**Rogelio SIMON–FRANCISCO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–70528.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2011.*

Filed March 29, 2011.

Jeremy Frost, Law Offices of Jeremy R. Frost & Associates, Los Angeles, CA, for Petitioner.

John J.W. Inkeles, Esquire, Trial, OIL, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Rogelio Simon–Francisco, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's order denying his motion to reopen deportation proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for

abuse of discretion the denial of a motion to reopen, and review de novo due process claims. *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

The agency did not abuse its discretion in denying Simon–Francisco's motion to reopen because the record shows that he was personally served with an Order to Show Cause and Notice of Hearing, *see* 8 U.S.C. § 1252b(a)(1)-(3) (1995), and he also failed to allege exceptional circumstances for missing his hearing, *see* 8 U.S.C. § 1252b(c)(3)(A) (1995).

Simon–Francisco's contention that the agency violated due process by failing to consider his declaration fails where the record shows that a declaration was never filed with the agency. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to prevail on a due process violation).

Simon–Francisco's remaining contention is unavailing.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.